TOWNSEND W. GARRETSON, PROSECUTOR, v. BENJAMIN F. BAKER ET AL.

Argued November 8, 1899—Decided June 11, 1900.

1. The Court of Common Pleas is invested by the general statutes (*Gen. Stat., p.* 2804) with the power to appoint surveyors of the highways to lay out public roads, and when the proceedings are in conformity to the statutes relating to such subject-matter, jurisdiction will always be presumed to be vested in such court, and the burden is upon those by whom such proceedings are attacked to establish the want of jurisdiction.

2. The direction of the statute that the return of the surveyors with the map and draught of the laying out of the public road must refer to "the most remarkable places and improvements through which it may pass," is for the purpose of having the true location to appear, and when such location does so appear by reference in the return, map and draught to places and objects along and near the line of the road on either side, the object of the statute has been fully accomplished.

On *certiorari.*

Before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Morgan Hand.*

For the defendant, *David J. Pancoast* and *Harrison H. Voorhees.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This *certiorari* brings up for review the ·appointment ˉand return of surveyors of highways in the lay-·ing out of a public road in the county of Cape May.

The road in the application, the proceedings, and the return is described as being laid out and running through the ·townships of Middle and Lower, and the boroughs of Holly Beach City, Wildwood and Anglesea.

The main objections are that the Court of Common Pleas, .at the time of the appointment of the surveyors, had no juris-·diction over the subject-matter of laying out a public road within the territorial limits of these boroughs, and because ·the road is located, in part, within the limits of such boroughs, ·which have effective and exclusive power to lay out public roads within their limits respectively, and that, therefore, the surveyors were not authorized by law to lay out roads ·within either of said boroughs.

The Court of Common Pleas is invested by the general ⸱statutes with the power to appoint surveyors to lay out public roads (*Gen. Stat., p.* 2804), and when the proceedings are in conformity with the statute relating to this subject-matter, jurisdiction will always be presumed to be vested in such court, ·and the burden is upon those by whom such proceedings are at-tacked to establish the want of jurisdiction. *State, Atkinson, pros.,* v. *Bishop,* 10 *Vroom* 226. This is the general rule ·upon the subject of jurisdiction. *Reeves* v. *Townsend,* 2 *Zab.* 396; 12 *Am. & Eng. Encycl. L.* 271, 282. In fact, by .an application in entire conformity to the statute the court obtains jurisdiction fully, and it can only be successfuly at-tacked by showing that exclusive jurisdiction has been by ·statute lodged in some other court, or in some municipality such as a borough or city.

Now, in this matter, the complete answer to all these ob-.jections to jurisdiction is that it nowhere appears, certainly ·not in the proceedings or the return, nor by the evidence ·taken in this case, that any of these boroughs were ever in-·corporated before the time of. the appointment of the sur-·veyor, or before the return was made and recorded, and even

if incorporated it must be shown that such incorporations were legally accomplished. The application was made to the April Term, 1896, of the Court of Common Pleas, and the appointment of the surveyors then made. The return was made and filed on June 8th, 1896, and duly ordered recorded, according to the statute. It nowhere appears up to this time that these boroughs or any of them had any legally incorporated existence; there is an utter absence of any proof of the existence, incorporated or otherwise, up to this time, or of powers of any kind conferred upon them.

Therefore, the conclusion necessarily reached is that the road as laid out does not run through any borough which, at the time the proceedings were had and the return made, had any organic power, control or jurisdiction over public highways. These objections, therefore, cannot avail the prosecutor.

It may be observed that these boroughs were incorporated by legislative enactments approved May 4th, 1897 (*Pamph. L., pp.* 343, 346), but, as will be seen, this did not happen until nearly a year after the return had been made and recorded, and therefore can have no effect whatever in this case.

The only other objection pressed at the argument is that the return of the surveyors does not refer to the most remarkable places and improvements through which it runs.

An inspection of the return shows the regular courses and distances of the road. The beginning and ending points are well defined, and a careful reference is made to natural and artificial monuments, and references are made to many recognizable places through which the road runs. The return, also, in accordance with the statute, refers to the map or draught of the road annexed to the report. This map and draught very minutely shows many monuments, places and improvements, past or through which the road passes. It would be difficult to conceive a more thorough compliance with the statute than this return possesses. The evidence in nowise contradicts or disputes the return in this respect, and the return expressly certifies a compliance with the statute in the matter. The landowners and those who have to open or use the road can

have no difficulty in ascertaining where they have the right to travel, and where they would be trespassing. *Ex parte Shough,* 1 *Harr.* 264. The surveyors in their return are to refer to such places and objects along and near the line of the road on either side as may seem most likely to be used as monuments by which the true location may be determined. This is the purpose of this statutory provision (*Gen. Stat., p.* 2804, § 5), and where the judgment of the surveyors has been fairly exercised it will not be reviewed by this court.

The other objections, as stated in the reasons filed, have been examined, but are found to have no foundation in the case as presented.

The statute, in the appointment, in the proceedings and return of the surveyors, has been fully complied with, and the writ of *certiorari* is dismissed, with costs.